UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RODOLFO ANTONIO LOPEZ JR., et al.,

Plaintiffs,

v.

CAUSE NO. 3:20-CV-41-PPS-MGG

THE PEOPLE,

Defendant.

OPINION AND ORDER

Plaintiff Rodolfo Antonio Lopez Jr. is incarcerated and representing himself. His complaint names as the defendant "the People" and accuses them of failing to abide by the United States Constitution in forcing the Queen of the Kingdom of Hawaii into signing away the interests of Hawaii over to the United States. (ECF 1 at 2.) He also complains of them mistreating Puerto Rico. (*Id.*)

"A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, because Lopez is incarcerated, pursuant to 28 U.S.C. § 1915A, I must review the complaint and dismiss it if the action " (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1), (2).

Lopez's complaint does not state a claim upon which relief can be granted. First, in suing the People, Lopez is really suing no one: his complaint does not allege that anyone in particular is responsible for aggrieving him. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Moreover, his allegations concerning the statehood of Hawaii and the treatment of Puerto Rico––especially given that he filed the complaint in the Northern District of Indiana––are out of place (and perhaps out of time). Regardless, he hasn't alleged any personal harm and thus lacks standing to sue on this issue. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016), *as revised* (May 24, 2016) (citations omitted) ("Our cases have established that the 'irreducible constitutional minimum' of standing consists of three elements. The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements. Where, as here, a case is at the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element.").

In addition to geopolitical issues, Lopez claims that the People have conspired against him and "have targeted Mr. Lopez on various occasions and involving a multitude of incidents since 2004. The conspiracy by the Government started under the Bush administration while the Plaintiff was serving in active military status in a time of

2

war. Since then every presidential administration has continued the conspiracy in targeting Mr. Lopez." (ECF 1 at 1.) These latter allegations are equally devoid of any detail as the rest of the complaint, but they have some semblance of a different suit he filed in this district where he challenged the Veterans Administration's denial of his disability benefits. *See Lopez v. Veterans Affairs*, Ind. N.D. Case No. 3:19-cv-506-RLM (dismissed on Jan. 9, 2020). In that case, the court dealt with Lopez's allegations, finding that they were brought in the wrong jurisdiction. *See id.*, ECF 8.

One final matter: Lopez's complaint also names another person as a plaintiff - Taylor A. Swift, who did not sign the complaint and there's nothing to suggest that she even knows about it. Since Lopez is not a lawyer, he may not litigate on behalf of someone else. *Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007); *Navin v. Park Ridge Sch. Dist. 64*, 270 F.3d 1147, 1149 (7th Cir. 2001); *Nowicki v. Ullsvik*, 69 F.3d 1320, 1325 (7th Cir. 1995). Therefore, I must dismiss Swift from this case.

For these reasons, I:

(1) DISMISS Taylor A. Swift from this case; and

(2) DISMISS Rodolfo Antonio Lopez Jr.'s complaint pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: January 16, 2020.

                                                    /s/   Philip P. Simon
                                                    PHILIP P. SIMON, JUDGE
                                                    UNITED STATES DISTRICT COURT